UNITED STATES DISTRICT COURT                    **JS-6**
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **ED CV 20-1011-DMG** | Date | August 13, 2020 |
|---|---|---|---|

| Title | *In re Kathleen Bonebreak* | Bankruptcy No. 6:19-bk-19279 SY | Page | 1 of 4 |
|---|---|---|---|---|

Present: The Honorable   DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings:  IN CHAMBERS—ORDER RE APPELLANT'S BANKRUPTCY APPEAL
[1]**

**I.
FACTUAL AND PROCEDURAL BACKGROUND**

This matter is before the Court on the appeal by Stephen L. Burton, counsel for Debtor Kathleen Bonebreak, of an Order of the United States Bankruptcy Court for the Central District of California.  [Doc. # 1.]  On January 22, 2020, the Bankruptcy Court issued an Order to Show Cause ("OSC") as to why it should not sanction Burton for his failure to file "case commencement documents," "obtain confirmation of the debtor's plan," and file "a statement of compensation as required by 11 U.S.C. § 329(b)."  Appellant's Appendix at 2-3 [Doc. # 7-1].  The Bankruptcy Court ordered Burton to file a statement of compensation by February 18, 2020 and appear in person on February 25, 2020 for a hearing relating to the OSC.  *Id.*   The transcript from the February 25, 2020 OSC hearing indicates that he did not timely file any statement of compensation or appear before the Bankruptcy Court.  *Id.* at 22-23.  As a result, the Bankruptcy Court "presume[d]" that Burton had received $5,000 in compensation for his work on the case—the maximum amount allowable under the Local Rules—and issued a sanction against him for $5,000.  *Id.*

On March 4, 2020, Burton filed a statement of compensation, which indicated that he has received no compensation for legal services in this case.  *Id.* at 7.  Shortly thereafter, he filed a request for the Bankruptcy Court to reconsider its sanctions order and noticed a hearing for April 7, 2020.  *Id.* at 8-9.  The declaration attached to Burton's motion for reconsideration stated that he failed to meet the February 18, 2020 filing deadline and failed to appear for the OSC hearing because of a calendaring error.  *Id.* at 9-10.  At the April 7, 2020 motion for reconsideration hearing, the Bankruptcy Court tentatively denied Burton's request for reconsideration because Burton:  (1)  failed to respond to the OSC; (2) failed to appear for the OSC hearing; (3) cited no authority justifying reconsideration in his "half-page motion"; and (4) provided no such authority

UNITED STATES DISTRICT COURT          **JS-6**
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **ED CV 20-1011-DMG** | Date | August 13, 2020 |
|---|---|---|---|

| Title | *In re Kathleen Bonebreak* | Page | 2 of 4 |
|---|---|---|---|

at the hearing on the motion. *Id.* at 17-20. Based on these factors, the Court stated that it was "not convinced at all [that Burton is] taking this matter seriously." *Id*. at 18.

The Bankruptcy Court issued a formal order denying the motion for reconsideration on April 15, 2020. *Id.* at 14-15. Burton filed his Notice of Appeal from that order on May 11, 2020, and filed his Opening Brief on June 15, 2020. Notice of Appeal [Doc. # 1]; Opening Brief [Doc. # 7]. No party has filed an opposition to Burton's brief, and the time for doing so has passed. *See* Fed. R. Bank. P. 8018(a).

## II.
## LEGAL STANDARD

Article III courts review a Bankruptcy Court's decision to impose sanctions under an abuse of discretion standard. *Hale v. U.S. Tr.,* 509 F.3d 1139, 1146 (9th Cir. 2007). Bankruptcy Courts abuse their discretion if they "appl[y] the wrong legal standard" or make "illogical, implausible or" unsupported findings. *TrafficSchool.com, Inc. v. Edriver Inc.*, 653 F.3d 820, 832 (9th Cir. 2011). Appeals courts may affirm a Bankruptcy Court's decision on any basis supported by the record. *ASARCO, LLC v. Union Pac. R.R.Co*., 765 F.3d 999, 1004 (9th Cir. 2014).

## III.
## DISCUSSION

Barton argues that the Bankruptcy Court "was unreasonable" in imposing sanctions "under Section 329 for [his] failure to file a Section 329 disclosure of compensation statement" and failures to respond to the OSC or appear for the OSC hearing. Opening Brief at 5. Barton argues that it was further unreasonable for the Bankruptcy Court to deny his motion for reconsideration in light of his explanation therein. *Id.*

As a threshold matter, the "reasonableness" of the Bankruptcy Court's initial order is not at issue on this appeal. Because Burton has appealed only the Bankruptcy Court's order denying his motion for reconsideration, the sole question before the Court is whether the Bankruptcy Court abused its discretion in failing to reconsider its sanctions order upon Burton's request. [Doc. # 1.]

The record reflects that it did not. As the Bankruptcy Court noted at the hearing on the motion for reconsideration, Burton's motion cited no authority that would require or authorize the Bankruptcy Court to reconsider its sanctions order. Appellant's Index at 17-18. The

UNITED STATES DISTRICT COURT          **JS-6**
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **ED CV 20-1011-DMG** | Date | August 13, 2020 |

| | | | |
|---|---|---|---|
| Title | *In re Kathleen Bonebreak* | Page | 3 of 4 |

motion's only substantive statement was that Burton "moves for reconsideration under the Court's inherent authority to reconsider its own rulings, and the Court's power to reconsider facts not raised at the original hearing." But motions for reconsideration are not vehicles for litigants to "raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003). Burton could have raised the facts described in the declaration attached to his motion for reconsideration at the "original hearing," but he did not because he filed nothing in advance of the hearing and failed to appear as ordered.

To the extent Burton intended to argue that the Bankruptcy Court should have treated his failure to satisfy his section 329 obligations as "excusable neglect" under Federal Rule of Civil Procedure 60(b), Ninth Circuit authority forecloses that argument. The circuit court has recognized that Bankruptcy Courts "must ensure that attorneys who represent the debtor do so in the best interests of the bankruptcy estate." *In re Park-Helena Corp.*, 63 F.3d 877, 880 (9th Cir. 1995). To "facilitate" that responsibility, "the Bankruptcy Code and Federal Rules of Bankruptcy Procedure impose several disclosure requirements on attorneys who seek to represent a debtor . . . ." *Id.* The failure to comply with these requirements, such as those in section 329, "is a sanctionable violation, even if proper disclosure would have shown that the attorney had not actually violated any Bankruptcy Code provision or any Bankruptcy Rule," and even if the failure to meet the requirements was "negligent or inadvertent." *Id.* at 880-81. In other words, courts must apply the disclosure rules "literally, even if the results are sometimes harsh." *Id.* at 881. Therefore, as harsh as it may have been for the Bankruptcy Court to impose sanctions under the conditions of this case, doing so was not an abuse of discretion. *See ASARCO*, 765 F.3d at 1004. Burton's conduct had legal consequences.

Burton also argues on appeal that the Bankruptcy Court's sanctions order violated the "rule of reasonableness" set out in *In re Nakhuda*, 544 B.R. 886, 903 (B.A.P. 9th Cir. 2016), *aff'd*, 703 F. App'x 621 (9th Cir. 2017). Opening Brief at 7. But Burton's underlying motion for reconsideration makes no such argument and does not cite to *Nakhuda*. *See* Appellant's Appendix at 8-10. Indeed, it does not even contain the word "reasonable." *Id.* And it is well-established that courts reviewing appeals from bankruptcy courts' decisions will not consider arguments made for the first time on appeal "absent exceptional circumstances." *In re Jan Weilert RV, Inc.*, 315 F.3d 1192, 1199 (9th Cir. 2003); *In re Ahn*, 804 F. App'x 541, 543 (9th Cir. 2020). Because there are no exceptional circumstances at play in this case, the Court declines to consider Burton's argument based on *Nakhuda*.

Finally, Burton argues that the Bankruptcy Court erred by exercising its "inherent powers" to sanction him without first making a finding of bad faith. Opening Brief at 7 (citing

UNITED STATES DISTRICT COURT          **JS-6**
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **ED CV 20-1011-DMG** | Date | August 13, 2020 |
|---|---|---|---|

| Title | *In re Kathleen Bonebreak* | Page | 4 of 4 |
|---|---|---|---|

*Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991)). But the Bankruptcy Court did not sanction Burton using its inherent powers—it did so under section 329. *See* Appellant's Appendix at 2-3. As discussed above, bad faith is not a prerequisite to section 329 sanctions—the mere failure to comply with the requirements is sanctionable. *Park-Helena Corp.*, 63 F.3d at 880.

**IV.**
**CONCLUSION**

In light of the foregoing, the Court concludes that the Bankruptcy Court did not abuse its discretion in denying Burton's motion for reconsideration of its earlier sanctions order. The Bankruptcy Court's April 15, 2020 Order is therefore **AFFIRMED**.

**IT IS SO ORDERED.**

cc: Bankruptcy Court